Btjbke, J. (dissenting).
The Appellate Division, while finding that the reception of an admission was error, unanimously affirmed a judgment of conviction of the Court of Special *266 Sessions, stating in a short memorandum that “ The record amply establishes the guilt of the defendant We agree with this latter conclusion.
Defendant was found guilty of impairing the morals of his 10-year-old daughter. The facts and principles of law involved here are similar to those in People v. Porcaro (6 N Y 2d 248, decided herewith) wherein we treat the sufficiency and weight of the uncorroborated sworn testimony of children under 12 in criminal cases of this nature.
Here, in addition to the child’s sworn testimony, we believe that the testimony of the mother of the child and wife of the defendant regarding his alleged admission that ‘ ‘ he was sorry for what he did to his daughter ’ ’ was properly received by the Court of Special Sessions. Whether the testimony of the wife was credible was a question for the trier of the facts. This admission, however, was not privileged.
Whether or not this witness was competent to testify to this statement presented a mixed question of law and fact (cf. Poppe v. Poppe, 3 N Y 2d 312). Here, the majority of the Special Sessions Judges found as a fact that the “ presumption of confidentiality had been rebutted ’ ’ and that the admission was not prompted by any loyalty or trust engendered by the marital relationship.
Section 2445 of the Penal Law only prohibits the disclosure of confidential communications (People v. Daghita, 299 N. Y. 194; People v. McCormack, 278 App. Div. 191, aifd. 303 N. Y. 782). Not all inter-spouse communications are confidential but only those which would not otherwise have been communicated except that the party relies on the confidence and intimacy of the marital relationship (People v. Daghita, 299 N. Y. 194, supra).
Confidence and a marriage relationship are a sine qua non for without them there can be no privilege. A mere separation from bed and board may not destroy the relationship but there must be more than the simple fact that the parties are husband and wife.
In this respect the requirements of section 2445 of the Penal Law and section 349 of the Civil Practice Act are identical. Section 349 provides that “ A husband or wife shall not be compelled, or without the consent of the other if living, allowed to disclose a confidential communication made by one to the other during marriage.” (Emphasis added.)
*267 Recognizing that not all statements between husband and wife, if made in privacy, are within this prohibition, we stated in Poppe v. Poppe (3 N Y 2d 312, 315, supra), that the statute was “Designed to protect and strengthen the marital bond, it encompasses only those statements that are 1 confidential,’ that are induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship. Whether, therefore, a particular communication is to be excluded from evidence on the ground that it is confidential necessarily involves a preliminary question of fact for decision by the trial judge, and it matters not that the ultimate issue for determination by the trier of the facts (here, cruelty) is essentially the same as the issue which determines admissibility [citing cases]. * * * It is, however, perfectly clear that the statute was never designed to forbid inquiry into the personal wrongs committed by one spouse against the other, or that it was ever intended to label confidential a communication aimed at destroying the marital relation ”.
The injury to this child has been held to be an injury to the wife and the marital relation. Some courts believe that necessity dictates if not requires that no privilege attach under these circumstances (State v. Kollenborn, 304 S. W. 2d 855 [Mo. Sup. Ct.]; 8 Wigmore, Evidence, § 2239, p. 258). “ Any rule that impedes the discovery of truth in a court of law impedes as well the doing of justice.” (Hawkins v. United States, 358 U. S. 74, 81 [concurring opinion].)
However, it is unnecessary now to go this far for we find that the circumstances surrounding the admission were sufficient in themselves, as Special Sessions found, to rebut any presumption of confidence or that the statement was elicited or uttered by reason of loyalty, affection or family devotion. The defendant admitted the crime at a time when he was separated from his wife and family. The defendant husband and his wife had quarreled over alleged extramarital relations indulged in by the defendant. His child had lodged serious accusations against him resulting in his arrest at the instance of his wife. WTiere the family relationship has been seriously impaired and the marital status has so deteriorated the reasons and basis for the privilege vanish (Hawkins v. United States, 358 U. S. 74, 77, supra; Poppe v. Poppe, 3 N Y 2d 312, supra). Defense *268 attorney’s characterization of the alleged conversation as an attempted reconciliation is self-serving and was rejected by Special Sessions as contrary to the facts. Such a communication could hardly be presumed to be confidential, when made to the person who had caused his arrest.
Moreover, in evaluating the character of the admission, we must examine the statement with due deference to the circumstances under which it was made, and in the light of the severed marital relationship. In this regard, the husband’s statement strikes us as an acknowledgment which could be made by any remorseful sex offender to any mother who had been wronged rather than a plea of a penitent husband confiding to his wife the story of his wrongdoing.
The judgment should be affirmed.